**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

JAVIER GASCA,

    Plaintiff,

v.

COUNTY OF MONTEREY, et al.,

    Defendants.

Case No. 16-cv-04221-BLF

**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

[Re: ECF 68]

Plaintiff Javier Gasca, a disabled individual who uses a wheelchair, claims that he was discriminated against on the basis of his disability while incarcerated at the Monterey County Jail ("Jail") between January 29, 2016 and August 22, 2016. He asserts a variety of claims against Defendants County of Monterey ("County"); the Monterey County Sheriff's Office ("MCSO"), which operates the Jail; and California Forensic Medical Group ("CFMG"), a private corporation hired by the County to provide medical services at the Jail.

Before the Court is Plaintiff's motion for partial summary judgment on Claim 6, for violation of the California Disabled Persons Act ("CDPA"), Cal. Civ. Code § 54 et seq. The claim is grounded in Plaintiff's assertion that the County and MCSO did not provide him with an accessible shower for the first two months of his incarceration. CFMG is not named as a defendant in the CDPA claim.

Plaintiff's motion is DENIED for the reasons discussed below.

## I. BACKGROUND

The following facts are limited to those relevant to the CDPA claim that is the subject of Plaintiff's motion; they are undisputed unless otherwise noted. Plaintiff is confined to a wheelchair due to a congenital medical condition. Gasca Decl. ¶ 3, ECF 68. He cannot walk or stand, and he has limited mobility in his arms. *Id.* Plaintiff was incarcerated in the Jail from January 29, 2016 to August 22, 2016. Ramirez-Padilla Decl. ¶ 2, ECF 69-3. When he was booked into the Jail, he was assigned to housing in the K-pod unit due to his status as an active Norteno gang member.[1] Tongol Decl. ¶ 2, ECF 69-2; Gasca Decl. ¶ 4, ECF 68. There was only one shower in that unit, which Plaintiff could not access in his wheelchair. *Id.* There was a step up to the shower, which did not contain a bench or railing. *Id.*

Plaintiff asserts that in order for him to shower, other inmates had to physically lift him from his wheelchair onto a plastic chair placed in the shower. Gasca Decl. ¶ 5, ECF 68. According to Plaintiff, it was not until his attorney complained to the Jail in late March 2016 that prison staff arranged to transport Plaintiff to the Jail's infirmary on a daily basis to shower. *Id.* ¶ 6. In the infirmary, Plaintiff was able to wheel into the shower and transfer himself to a shower chair. *Id.* On July 21, 2016, Plaintiff was moved to the infirmary and housed there for the remainder of his sentence. *Id.* ¶ 13.

The County and MCSO dispute Plaintiff's assertion that he was not provided with an accessible shower during the first two months of his incarceration; they contend that Plaintiff was provided access to the infirmary shower during the entire time he was housed in K-pod. *See* Ramirez-Padilla Decl. ¶¶ 3-4, ECF 69-3; Tongol Decl. ¶ 2, ECF 69-2.

Plaintiff filed this action on July 26, 2016, while he was still incarcerated at the Jail, and he filed the operative first amended complaint ("FAC") on January 9, 2017. The FAC asserts claims under: (1) Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.; (2) Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a); (3) California's Unruh Civil Rights

---

[1] The parties and witnesses refer to the unit where Plaintiff was housed as "K-pod," "Unit K," and the "K-4 housing unit." The Court understands all of these references to be to the same housing unit, where Plaintiff was housed upon his arrival at the Jail in January 2016.

2

1    Act, Cal. Civ. Code § 51; (4) the Eighth Amendment to the United States Constitution;

2    (5) California negligence law; and (6) the CDPA, Cal. Civ. Code § 54.1.

## II. LEGAL STANDARD

"A party is entitled to summary judgment if the 'movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *City of Pomona v. SQM North America Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014) (quoting Fed. R. Civ. P. 56(a)). "The moving party initially bears the burden of proving the absence of a genuine issue of material fact." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "Where the moving party meets that burden, the burden then shifts to the non-moving party to designate specific facts demonstrating the existence of genuine issues for trial." *Id.* "[T]he non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor." *Id.* "The court must view the evidence in the light most favorable to the nonmovant and draw all reasonable inferences in the nonmovant's favor." *City of Pomona*, 750 F.3d at 1049. However, "'[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" *Id.* (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

## III. DISCUSSION

Plaintiff's motion for partial summary judgment is limited to the narrow issue of whether the County and MCSO are liable under the CDPA for failing to provide Plaintiff with an accessible shower during the first two months of his incarceration, from January 29, 2016 through March 29, 2016. *See* Reply at 4 (identifying period at issue as January 29, 2016 – March 29, 2016), ECF 70.

The CDPA provides that individuals with disabilities "shall be entitled to full and equal access, as other members of the general public, to . . . places of public accommodation." Cal. Civ. Code § 54.1(a)(1). "The CDPA is concerned solely with *physical* access to public spaces." *Wilkins-Jones v. Cty. of Alameda*, 859 F. Supp. 2d 1039, 1054 (N.D. Cal. 2012). A plaintiff suing under the CDPA "cannot maintain a claim based on the denial of services (as opposed to denial of

3

physical access)." *Id*.

A person or entity that interferes with the rights of an individual with a disability "is liable for each offense for the actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than one thousand dollars ($1,000), and attorney's fees as may be determined by the court in addition thereto." Cal. Civ. Code § 54.3(a). "Intent is not a requirement in actions involving money damages brought under the CDPA." *Wilkins-Jones*, 859 F. Supp. 2d at 1053.

The CDPA applies to jails and the accommodations provided therein. *Wilkins-Jones*, 859 F. Supp. 2d at 1054-55. In *Wilkins-Jones*, a jail inmate brought a CDPA claim against the County of Alameda and the private company hired by the County to provide medical services to inmates. *Id*. at 1043. The plaintiff inmate alleged that "she could not access the toilets, walkways, and other portions of the jail because of her disability, including an accessible cell." *Id*. at 1055. She also alleged that "Defendants were responsible for ensuring her ability to access the jail's facilities, and that Defendants directly caused her to be denied access by failing to recommend accommodations for her." *Id*. The district court held that those allegations were sufficient to state a claim under the CDPA. *Id*. at 1056.

Plaintiff presents his own deposition testimony and declaration statement to prove that he was not provided an accessible shower when he was booked into the Jail on January 29, 2016, or for two months thereafter. Plaintiff stated that the only shower in the K-4 housing unit had a step up into the stall, and that he could not enter that shower in his wheelchair. Gasca Dep. 36:20-21, ECF 68; Gasca Decl. ¶ 4, ECF 68. There was no bench or railing in the shower. Gasca Decl. ¶ 4. Plaintiff described other inmates lifting him from his wheelchair onto a plastic chair placed in the K-pod shower stall. Gasca Dep. 38:12-22; Gasca Decl. ¶ 5. Other inmates also had to turn on the water for Plaintiff. Gasca Dep. 38:25.

According to Plaintiff, an accessible shower was not made available to him until after his attorney complained to the Jail in late March 2016. Gasca Decl. ¶ 6. Plaintiff stated that in early April 2016, Jail staff began transporting him to the Jail's medical unit every day so that he could shower. *Id*. Plaintiff could wheel his wheelchair directly into the shower in the medical unit and

4

transfer himself to a shower chair. *Id*. Plaintiff stated that on July 21, 2016, he was moved out of the K-4 unit and into the infirmary for the remainder of his incarceration. Gasca Decl. ¶ 13.

This evidence is sufficient to meet Plaintiff's initial burden of proving that an accessible shower was not made available to him for the first two months of his incarceration. The burden thus shifts to Defendants County and MCSO to present evidence sufficient to create a factual dispute as to whether Plaintiff was provided an accessible shower during that period.

Defendants offer no evidence to dispute Plaintiff's statement that there was only one shower in K-pod when he was housed there, or Plaintiff's characterization of the K-pod shower as inaccessible. Defendants present evidence that: the reason Plaintiff was housed in K-pod was because he was a Norteno gang member; Plaintiff had been housed in K-pod on many prior occasions and he had never complained about the shower, although he had complained about other issues; and when Plaintiff did complain about the K-pod shower in 2016, he was moved to the infirmary. *See* Tongol Decl. ¶ 2, ECF 69-2; Thornburg Decl. ¶¶ 2-3, ECF 69-4. None of that evidence is relevant to Plaintiff's motion. To the extent that Defendants suggest there is a grievance requirement under the CDPA, or that Defendants' obligation to provide an accessible shower was not triggered until Plaintiff complained, Defendants have not cited any supporting authority and the Court has located none.

Defendants argue that because of the age of the Jail, the law permits them to house Plaintiff in an "integrated setting" such as K-pod while making available an accessible shower located elsewhere. Defendants submit the expert report of Larry Wood, who concluded that the County's improvements to certain buildings, accommodations provided by staff, and assignments of detainees rendered the Jail compliant with accessibility requirements. *See* Wood Report at 3, Exh. A to Holmes Decl., 69-1. Mr. Wood also stated that the County's new ADA-complaint jail is nearing completion. *See id.* Defendants' argument based on Mr. Woods' conclusions the Jail generally is in compliance with accessibility requirements does not address the specific issue raised by Plaintiff's motion – whether an accessible shower was made available *to him* during his first two months of incarceration commencing January 29, 2016.

With respect to that issue, the only evidence submitted by Defendants consists of two

5

declarations provided by Jail staff members. Deputy Sheriff Josue Ramirez-Padilla stated as follows:

> While Plaintiff, Javier Gasca, was housed in K-pod, from January 29, 2016 through mid-July of 2016, deputies were tasked with escorting Mr. Gasca to the jail infirmary specifically for the use of the shower found inside the Out-patient Housing room #4, which is accessible for those needing the assistance of a wheelchair. Deputies were directed for Mr. Gasca to be escorted to Out-patient Housing Room #4, during our daily team briefings during the time Mr. Gasca was housed in K-Pod.
>
> I specifically remember escorting Mr. Gasca on several occasions during this time period to the infirmary and Mr. Gasca using the accessible infirmary shower to bathe while he was housed in K-pod.

Ramirez-Padilla Decl. ¶¶ 3-4, ECF 69-3. Commander Ray Tongol stated that "[d]uring the time Mr. Gasca was housed in K-pod, he had access to an accessible shower in the infirmary." Tongol Decl. ¶ 2, ECF 69-2.

Plaintiff argues that these declarations are insufficient to create a factual dispute, because they do not refute his specific testimony and declaration statements that he was *not* escorted to the infirmary shower during the period January 29, 2016 through March 29, 2016. While it is a close call, the Court concludes that a reasonable trier of fact, drawing all reasonable inferences in the non-moving Defendants' favor, could find that the declarations establish that the infirmary shower was made available to Plaintiff during the entirety of his incarceration, including the period January 29, 2016 through March 29, 2016.

Plaintiff asks the Court to strike the declarations of Deputy Ramirez Padilla and Commander Tongol, as well as the declaration of Captain Johnathan Thornburg, for failure to comply with Rule 26 disclosure requirements. The Court advised the parties at the hearing that it was not prepared to rule on Plaintiff's request, which was raised in the reply brief. The Court observed that a potential cure to Defendants' allegedly late disclosure of witnesses would be to permit Plaintiff to depose them. When Defendants indicated that they could not agree to depositions at this time, the Court advised Defendants that it would entertain a motion in limine to exclude the witnesses if Defendants' late disclosure deprived Plaintiff of an opportunity to take their depositions. However, unless and until an appropriate motion is brought, the Court declines to address these issues, and it will consider the declarations in evaluating the present motion.

## IV. ORDER

Plaintiff's motion for partial summary judgment on Claim 6, asserting violation of the CDPA, is DENIED.

Dated: April 2, 2019

_____
BETH LABSON FREEMAN
United States District Judge